IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| In re: | ) | |
|---|---|---|
| | ) | Case No. 10-12747-MER |
| FREDERICK ERNEST GRAVES | ) | |
| SSN / ITIN: xxx-xx-2239 | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |

**ORDER**

THIS MATTER comes before the Court on the Debtor's Motion to Proceed on Appeal *in Forma Pauperis* filed on April 26, 2010 (Docket #62) (the "Motion"). The subject appeal concerns this Court's Order dated April 20, 2010, in which this Court granted creditor Kenny Berman relief from the automatic stay.

**JURISDICTION**

The Court has some concern as to whether this Court may rule on the Motion. The Tenth Circuit Court of Appeals partially addressed this issue in a recent opinion by stating:

> Though our precedent restricts bankruptcy courts and bankruptcy appellate panels from granting relief under § 1915, in 2005 Congress granted bankruptcy courts the authority to waive bankruptcy fees for some Chapter 7 debtors, including fees relating to bankruptcy appeals. *See* 28 U.S.C. § 1930(f). Perhaps, given Satterfield's pro se status, the BAP should have construed his in forma pauperis motion as a motion under § 1930(f), and should have referred the issue to the bankruptcy court in the first instance. *See In re Domenico*, 364 B.R. 418, 420 (Bankr. D. N.M. 2007) (noting that the 2005 amendments to § 1930 "permit the Court to waive the filing fee for the most destitute of debtors"); *see also Wallin v. Martel (In re Martel)*, 328 Fed.Appx. 584, 585-86 (10th Cir. 2009) (noting that only the bankruptcy court, and not the BAP, may grant relief under § 1930(f)).[1]

Title 28 U.S.C. § 1915 governs proceedings *in forma pauperis* and provides in relevant part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a

---

[1] *In re Satterfield*, 337 Fed. Appx. 739, 740 (10th Cir. 2009) (unpublished).

person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.[2]

Title 28 U.S.C. § 1930 governs bankruptcy fees. Subsection (f) addresses the district court's and bankruptcy court's authority to waive filing fees and provides:

(1) Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments. For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) that is payable to the clerk upon the commencement of a case under chapter 7.

(2) The district court or the bankruptcy court may waive for such debtors other fees prescribed under subsections (b) and (c).

(3) This subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors.[3]

Therefore, pursuant to 28 U.S.C. § 1930 this Court finds it has authority and jurisdiction to rule on the Motion.

## DISCUSSION

The Debtor's Motion, in its entirety, states:

Debtor/Respondent, FREDERICK E. GRAVES, moves the court to [sic] for permission to proceed on appeal without the prepayment of fees therefor, and requests that said fees be waived, or in the alternative, that payment be delayed for 90 days.

Debtor/Respondent is without sufficient means and is unable to pay the fees for prosecuting this appeal, but avers that there are substantial issues for appeal and

---

[2] 28 U.S.C. § 1915.

[3] 28 U.S.C. § 1930(f).

errors at trial that should be reviewed and corrected by the District Court.[4]

The Tenth Circuit Court of Appeals has addressed motions to proceed *in forma pauperis* in the bankruptcy context on several occasions. However, the opinions found by this Court are generally unpublished opinions and therefore are subject to Tenth Circuit Court of Appeals Rule 32.1.[5] In *In re Musil* the Tenth Circuit Court of Appeals stated, "In order to succeed on the motion, [the appellant/debtor] must show both a financial inability to pay the required filing fees, and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."[6]

*In re Armstrong* is an example of a case where the financial inability to pay was not established by the appellant.[7] In that case, the Tenth Circuit Court of Appeals stated, "Because this court finds Armstrong's allegation of poverty to be untrue, his motion to proceed on appeal without prepayment of costs or fees is DENIED, and Armstrong is directed to make immediate payment of the balance of his appellate filing fee."[8]

The two-sentence Motion filed by the Debtor does not attempt to demonstrate an inability to pay the required filing fees and does not specify any argument to be raised on appeal, frivolous or nonfrivolous. As to his financial inability to pay, the record in this case is inconsistent. Based on the Debtor's act of filing a petition for Chapter 13 bankruptcy relief, the Court presumes the Debtor believes he is entitled to Chapter 13 bankruptcy relief. However, "only an individual with regular income" may be a debtor under Chapter 13.[9] Although the Debtor has filed certain financial disclosures in connection with the Chapter 13 bankruptcy case, the Court finds these documents to be inconsistent and thus unreliable. Specifically, the Debtor's Form 22C filed on April 26, 2010 states the Debtor has average monthly "business income" of $415, average monthly "rent and other real property income" of $300, and "pension and retirement income" of $715, for a total average monthly income of $1,430, or annual income

---

[4] Motion, p. 1 (Docket #62).

[5] Rule 32.1(A) governs "Citing Judicial Dispositions" and provides, "Precedential value. The citation of unpublished decisions is permitted to the full extent of the authority found in Fed. R. App. P. 32.1. Unpublished decisions are not precedential, but may be cited for their persuasive value. They may also be cited under the doctrines of law of the case, claim preclusion, and issue preclusion. Citation to unpublished opinions must include an appropriate parenthetical notation."

[6] *In re Musil*, 946 F.2d 901, *1 (10th Cir. 1991) (unpublished, table), *citing* 28 U.S.C. § 1915(a); *Coppedge v. United States*, 369 U.S. 438 (1962); *Ragan v. Cox*, 305 F.2d 58 (10th Cir. 1962).

[7] *In re Armstrong*, 99 Fed.Appx. 860 (10th Cir. 2004) (unpublished).

[8] *In re Armstrong*, 99 Fed.Appx. 860, 861 (10th Cir. 2004) (unpublished). *See also In re Armstrong*, 101 Fed.Appx. 766, 769 (10th Cir. 2004) (unpublished) (same).

[9] 11 U.S.C. § 109(e).

of $17,160.[10]  The Debtor's Schedule I filed on February 16, 2010, states he is employed as a "paralegal & computer consultant" with LawPerfect Paralegal Services and earns monthly gross wages of $1,000.  Schedule I also includes $1,200 per month from income from real property, $715 per month from pension or retirement income, and $200 per month for "other" computer services.  After payroll deductions, his average monthly income is listed as $2,115, or annual income of $25,380.  The Debtor's Schedule J, also filed on February 16, 2010, states his monthly expenses are $2,202, leaving him with negative monthly net income each month.[11]

Title 28 U.S.C. § 1915(a) requires the appellant to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  The Debtor has not filed an affidavit in connection with his Motion.  Title 28 U.S.C. § 1930 allows the bankruptcy court to waive fees "if the court determines that such individual has income less than 150 percent of the income official poverty line."  The 2009 Federal Poverty Guidelines set forth an annual income level of $10,830 for an individual.[12]  150% of that amount is $16,245 annually or $1,353.75 per month.  The Debtor's Form 22C and Schedule I show he is above the applicable poverty line.  Therefore, the Court must deny the Motion based on the Debtor's failure to demonstrate an inability to pay the required filing fees and failure to address the issues to be raised on appeal.   Accordingly,

IT IS ORDERED the Debtor's Motion to Proceed on Appeal *in Forma Pauperis* filed on April 26, 2010 (Docket #62) is DENIED.

Dated:  April 29, 2010.                                      BY THE COURT

                                                                            Michael E. Romero
                                                                            U.S. Bankruptcy Judge

---

[10] Form 22C filed on April 26, 2010 (Docket #66).

[11] Schedules I & J filed on February 16, 2010 (Docket #2).

[12] See Federal Register, Vol. 74, No. 14, January 23, 2009, pp. 4199–4201.  The 2009 poverty guideline figures remain in effect until at least May 31, 2010.  See Federal Register, Vol. 75, No. 14, January 22, 2010, pp. 3734-3735.